

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CORARDO GONZALEZ,

    Plaintiff,

v. : CIVIL ACTION NO.: CV508-043

Dr. THOMAS FERRELL; UNKNOWN
PRISON MEDICAL PROVIDER;
JOHN DOE 1, and JOHN DOE 2,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Ware State Prison in Waycross, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

AO 72A
(Rev. 8/82)

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts Defendant Ferrell, the doctor at Ware State Prison, has not provided him with proper medical care. Plaintiff also asserts he has complained of having severe pain in his groin, testicles, and stomach and has had blood in his stool. Plaintiff further asserts a doctor at Augusta Medical Prison ordered that Plaintiff undergo testing to determine the cause of his pain, but Defendant Ferrell will not provide this testing. Plaintiff contends he was transferred to Ware State Prison approximately six (6) months ago and has seen Dr. Ferrell on several occasions. Plaintiff alleges Dr. Ferrell's "refusal to properly provide" him with medical care constitutes deliberate indifference to his serious medical needs. Plaintiff also asserts Dr. Ferrell's employer, a medical company, the name of which is unknown, is responsible for the lack of proper medical treatment due to ordering its employees to cut back expenses.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon jail officials to take reasonable measures to guarantee the safety of prisoners. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), is whether the jail officials exhibit a deliberate indifference to the serious medical needs of prisoners. Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 1974, 128 L. Ed. 2d 820 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105, 97 S. Ct. at 291). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). A mere difference in medical opinion between medical personnel and the prisoner as to the diagnosis or course of treatment is insufficient to support an Eighth Amendment claim. Harris, 941 F.2d at 1505.

Plaintiff's claims against Defendant Ferrell and the Unknown Prison Medical Provider do not rise to the level of a constitutional violation. Based on Plaintiff's own admissions, he has received medical treatment while housed at Ware State Prison, just not the medical care he deems to be appropriate. Plaintiff cannot sustain a cause of action for deliberate indifference against these Defendants.

John Doe 2 is listed as a Defendant upon the docket of this case; however, Plaintiff makes no factual allegations against Defendant John Doe 2. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief."

FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant John Doe 2, his claims against Defendant John Doe 2 should be dismissed.

Plaintiff also names as a Defendant Dr. John Doe 1, a doctor at Walker State Prison. Walker State Prison is in Rock Springs, Georgia, which lies within the Northern District of Georgia. The undersigned declines to address Plaintiff's allegations against this Defendant, as venue would be proper in the Northern District of Georgia. Should Plaintiff wish to pursue claims against Defendant John Doe 1, he may do so by filing a separate cause of action in the Northern District of Georgia.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE