# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| CORARDO GONZALEZ, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| DR. THOMAS FERRELL, UNKNOWN PRISON MEDICAL PROVIDER, JOHN DOE 1, and JOHN DOE 2, | : | |
| Defendants. | : | NO. CV508-43 |

## ORDER

Plaintiff, Corardo Gonzalez, filed the above-captioned case against Defendants, Dr. Thomas Ferrell; an Unknown Prison Medical Provider, a private company that employs Dr. Ferrell; John Doe 1, a doctor at Walker State Prison in Rock Springs, Georgia; and John Doe 2. Plaintiff is incarcerated in the Ware State Prison in Waycross, Georgia, and asserts Eighth Amendment claims against Defendants pursuant to 42 U.S.C. § 1983.

Presently before the Court are Plaintiff's objections to the report and recommendation entered by Magistrate Judge James E. Graham. Because Gonzalez's allegations against Ferrell and the Unknown Prison Medical Provider are not

obviously meritless, Plaintiff's objections will be **SUSTAINED** in part. Because Gonzalez failed to articulate his objections to the suggested disposition of his claims against the John Doe Defendants, and because the Court agrees with Judge Graham's conclusions as to these Defendants, Plaintiff's objections will be **OVERRULED** in part.

### **BACKGROUND**

The Magistrate Judge conducted a frivolity review of Plaintiff's complaint, and entered a report and recommendation that suggested dismissal of Gonzalez's case. Dkt. No. 8. Judge Graham found that Gonzalez received medical treatment while in prison, just not the medical care the prisoner deemed appropriate. The Magistrate Judge concluded that, under the facts as alleged by Gonzalez, his case could not proceed against Dr. Ferrell or the doctor's employer.

Judge Graham declined to address Gonzalez's allegations against John Doe 1, finding that venue was proper in the Northern District of Georgia as to Gonzalez's claims against that doctor. The Magistrate Judge also concluded that

Gonzalez's claims against John Doe 2 were due to be dismissed because Gonzalez made no allegations of wrongdoing as to that Defendant.

Thereafter, Gonzalez filed an objection to Judge Graham's report and recommendation in all respects. Gonzalez's complaint avers that, for the previous two years, he has suffered severe pain in his groin, testicles, and stomach, and that he has had blood in his stool. Plaintiff asserted that a doctor at Augusta Medical Prison ordered that Gonzalez undergo testing to determine the cause of his pain, but that Ferrell will not authorize or provide this testing. According to Gonzalez, he was transferred to Ware State Prison at the end of 2007, and he has seen Dr. Ferrell on several occasions. Gonzalez asserts that Ferrell's employer is also responsible for the constitutional violation because the medical provider has ordered its employees to cut back expenses.

In Gonzalez's objection, he asserts that "he is in continual[] excruciating pain." Dkt. No. 10 at 2. Gonzalez reports that nothing has been done to manage or locate the source of the pain, and "the health of inmates such as myself is being jeopardized for the sake of saving a penny."

Dkt. No. 10 at 2. According to Plaintiff, his discomfort and lack of understanding of the origin of his illness cause him stress, sleeplessness, and tension. Gonzalez reports that he is not able to communicate his suffering fully due in part to the lack of Spanish-speaking personnel at the prison. Plaintiff asserts that his treatment constitutes deliberate indifference to his serious medical needs. Gonzalez requests that the Court order the prison to have him tested by a specialist to determine the origin of his malady.

Until the ordered tests are completed, Plaintiff maintains that there is no way of determining whether his illness is life-threatening. Gonzalez reports that several other inmates have suffered greatly, and one even died, because Ferrell failed to diagnose their ailments properly. Gonzalez's complaint posits that Ferrell is incompetent to render proper care, and asserts that the Unknown Prison Medical Provider is responsible for hiring competent professionals. The prisoner's complaint also asserts that Ferrell's employer is the medical provider for prisoners in some or all of the state prisons and county jails in Georgia. Gonzalez's objection emphasizes that he and other

similarly situated inmates have received inadequate medical care because Ferrell's employer has directed its personnel to curb spending.

**DISCUSSION**

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To warrant dismissal on this ground, a plaintiff's complaint must be based on "indisputably meritless" legal theories or the factual allegations must be "clearly baseless." Id. at 327.

"The Constitution 'does not mandate comfortable prisons,' . . . but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Medical treatment that is "so grossly . . . inadequate . . . as to shock the conscience or to be intolerable to fundamental fairness" violates the Eighth Amendment. Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986).

A physician's decision to "take an easier and less efficacious course of treatment . . . [or] [f]ailure to respond to a known medical problem can also constitute

deliberate indifference." Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). "A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference." Hervy v. McDonough, 5:07cv58/RS/EMT, 2007 U.S. Dist. LEXIS 36576 at *10 (N.D. Fla. May 18, 2007)(citing Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994).

In contrast, "when an inmate has received medical care, courts hesitate to find an Eighth Amendment violation." Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989). Simple negligence or medical malpractice does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is "something more than a medical judgment call, an accident, or an inadvertent failure." Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).[1] And, as the Magistrate Judge noted in the report and recommendation, a simple difference of opinion between a prisoner and medical personnel regarding a diagnosis or course of treatment is insufficient to demonstrate a constitutional violation. Harris v. Thigpen,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

-6-

941 F.2d 1495, 1505 (11th Cir. 1991).

"When a private entity . . . contracts with [the government] to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state. . . . In so doing, it becomes the functional equivalent of the [state]." Buckner v. Toro, 116 F.3d 450, 452 (11th Cir. 1997)(per curiam)(internal citations omitted). To hold a private company liable under § 1983 for the unconstitutional acts of its employees in such circumstances, the plaintiff must demonstrate that the violation was caused by a policy or custom of the company. Id. at 451. In other words, the policy must be the "moving force" behind the violation. Grech v. Clayton County, 335 F.3d 1326, 1330 (11th Cir. 2003).

In light of these precedents and the facts alleged in the complaint, the Court concludes that Gonzalez's allegations against Ferrell are sufficient to withstand an initial frivolity review. The Court rejects the finding in the report and recommendation that Gonzalez is complaining of a "mere difference in opinion" between himself and Dr. Ferrell as to his proper course of treatment or diagnosis. Instead, Gonzalez avers that another doctor had recommended

-7-

testing to determine the cause of Gonzalez's complaints and Ferrell has refused to order or provide such testing.

The Court also rejects the suggestion contained in the report and recommendation that Gonzalez has admitted that he received medical treatment, or any diagnosis, while incarcerated at Ware State Prison. Gonzalez does allege that he has "seen" Dr. Farrell on numerous occasions, but he does not indicate that Ferrell has provided him with any treatment or any diagnosis. See Edens v. Larson, 110 Fed. Appx. 710, 714 (7th Cir. 2004)("Deliberate indifference can be shown even though a defendant physician has not entirely ignored the plaintiff's condition."). In short, Gonzalez is not objecting to the level or type of treatment he has received at the prison, but complains that Ferrell will not treat him at all.

At this stage of the proceedings, the Court finds that Gonzalez's allegations against Ferrell's employer are also sufficient to go forward. Plaintiff has alleged that his inadequate medical care was caused by an official policy of the Unnamed Prison Medical Provider, namely a company-wide directive to curb inmate medical spending. The Eleventh Circuit has rejected the idea that "'financial

considerations must be considered in determining the reasonableness' of inmates' medical care to the extent that such a rationale could ever be used by so-called 'poor states' to deny a prisoner the minimally adequate care to which he or she is entitled." Harris, 941 F.2d at 1509 (quoting Harris v. Thigpen, 727 F. Supp. 1564, 1578 (M.D. Ala. 1990)).

In appropriate circumstances, deliberate indifference claims based on allegations of institutional "cost-cutting" are cognizable. E.g., Walker v. Powell, 5:05cv75/MD, 2007 U.S. Dist. LEXIS 90556 at *25-*26 (N.D. Fla. Dec. 10, 2007)(unrebutted allegations that Plaintiff went from 180 to 140 pounds because prison meals were nutritionally inadequate due to cost-saving measures were sufficient to create a triable issue of fact).

Although Gonzalez objected to the report and recommendation "in full," he has not argued specifically that Judge Graham's conclusions with respect to the John Doe Defendants were erroneous. The Court concurs with the Magistrate Judge's suggested disposition of Gonzalez's claims against these Defendants, and adopts that portion of the report and recommendation as the order of the Court.

**CONCLUSION**

For the reasons described above, Gonzalez's objection to the Magistrate Judge's report and recommendation is **SUSTAINED** as to his claims against Dr. Ferrell and Dr. Ferrell's employer, the Unknown Prison Medical Provider, and **OVERRULED** with respect to Gonzalez's claims against the John Doe Defendants. As Judge Graham suggested, Plaintiff's claim against John Doe 1 is **DISMISSED** without prejudice, and Plaintiff may file a separate action in the Northern District of Georgia against that Defendant if he so chooses.

**SO ORDERED**, this ___23rd___ day of September, 2008.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA